UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELICIA JOHNSON,

                Plaintiff,

                v.

ANDREW SAUL, COMMISSIONER,

                Defendant.

**Hon. Hugh B. Scott**

**18CV962**

**CONSENT**

**Order**

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 8 (plaintiff), 15 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 17, Order of Oct. 4, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Felicia Johnson" or "plaintiff") filed an application for disability insurance benefits on May 29, 2014 [R. 18]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded,

in a written decision dated May 8, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on July 5, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on September 4, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 8, 15), and plaintiff duly replied (Docket No. 16). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 46-year-old as of the alleged onset date with a high school education, last worked as a certified nurse assistant, nurse assistant; certified nurse assistant, home assistant; and bakery worker, and hand packager [R. 26]. Plaintiff contends that she was disabled as of the onset date of January 27, 2014 [R. 18] and has not engaged in substantial gainful activity since that date [R. 20]. Plaintiff claims the following impairments deemed severe by the ALJ: cervical disc herniation at the C4 to C5 and C5 to C6, status-post fusion surgery [R. 20]. Plaintiff also claims impairment from her thyroid and goiter condition but the ALJ deemed these not to be severe [R. 21]. The ALJ concluded that plaintiff was obese (weighing 230 pounds while standing 5'3", and having a Body Mass Index of 40.7 [R. 21], but concluded that obesity was a non-severe impairment [R. 21]. Plaintiff's mental impairment of anxiety was also found to be non-severe at Step Two, with the ALJ applying the four functional areas from "Paragraph B" and finding that all four areas plaintiff had no limitation [R. 21-22].

**MEDICAL AND VOCATIONAL EVIDENCE**

The ALJ considered, then dismissed Listings 1.04, 9.00, and 12.06 and found that plaintiff's impairments or combination of impairments did not meet any of these listings [R. 22].

Plaintiff complained in her Function Report that she is limited due to pain and stiffness in her neck, rendering her unable to style her hair, do heavy lifting, drive long distances, or stand to do dishes [R. 23, 163, 167]. She stated that she had trouble dressing, but she could prepare meals, do laundry, cook, do some cleaning, and ironing with limitations [R. 23, 165]. She claimed that tension and pain in her neck and upper back prevented her from sitting or lying in one position and made her restless and gave her trouble sleeping [R. 23, 166, 171]. Her impairment limited her ability to lift, stand, walk, sit, climb, kneel, squat, and reach [R. 23, 167-68]. She claims that she spent 60% of her time in bed due to her pain or stiffness [R. 172]. The ALJ, however, found plaintiff's statements and testimony regarding the intensity, persistence, and limiting effects of her symptoms "were not entirely consistent with the medical evidence and other evidence in the record" [R. 24].

Plaintiff was in an automobile accident in June 2013 resulting in neck pain and back pain [R. 268] (see Docket No. 8, Pl. Memo. at 5). On June 25, 2013, plaintiff was diagnosed with cervicalgia and lumbago [R. 269] (id.). Plaintiff then was treated by Dr. Gary Wang for pain since October 28, 2013 [R. 288] (Docket No. 8, Pl. Memo. at 5, 6-8). Dr. Wang diagnosed plaintiff with chronic pain syndrome, cervicalgia, and sprain of neck [R. 289] (id.). Plaintiff had spinal surgery on January 27, 2014 [R. 220, 230, 24] (id. at 6).

On July 28, 2014, plaintiff was examined by consultative examiner Dr. Hongbiao Liu [R. 309-12, 24-25] (id. at 4-5). Dr. Liu found plaintiff had chronic neck pain and

hypothyroidism [R. 311], and concluded that plaintiff had mild to moderate limitations for lifting, carrying, and overhead reaching [R. 312, 24]. The ALJ gave this opinion great weight [R. 24].

Plaintiff complains of back pain as of April 8, 2015 [R. 316] (id. at 6). Plaintiff testified that she could do "partial cooking" for as long as she could stand up [R. 58] (id. at 9). She said she could vacuum or dust but so long as she did not have to reach [R. 59] (id.). Plaintiff's driving is limited due to neck pain and she wears a neck pillow [R. 60] (id.).

Dr. Wang treated plaintiff on October 12, 2016 [R. 351] (id. at 7-8), with this record noting prior treatment by the doctor [R. 351]. Defendant contends that Dr. Wang noted plaintiff was independent with her mobility and activities of daily living [R. 351] (Docket No. 15, Def. Memo. at 10). The ALJ, however, did not evaluate the findings of Dr. Wang.

The ALJ found that plaintiff had a residual functional capacity to perform a "wide range of light work," that is she could lift and/or carry and push and/or pull up to 20 pounds occasionally, 10 pounds frequently [R. 23]. The ALJ also found that plaintiff could stand, sit, and/or walk for up to 6 hours in an 8-hour workday [R. 23]. Plaintiff can occasionally reach both overhead and outwardly, but should not use ladders, ropes, or scaffolds, and could occasionally kneel [R. 23].

The ALJ found that plaintiff was unable to perform past relevant work as a certified nurse assistant, nurse assistant, actually performed at medium exertion level; certified nurse assistant, home attendant, actually performed at light level; and bakery work, hand packager, actually performed at light level [R. 26]. With this capacity and the inability to perform plaintiff's past work, the vocational expert opined that a hypothetical claimant like plaintiff was able to perform

4

such occupations as laminating machine off bearer, investigator dealer accounts, or usher, all light exertion work [R. 26]. As a result, the ALJ held that plaintiff was not disabled [R. 26].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.   General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

5

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

   (1) whether the plaintiff is currently working;

   (2) whether the plaintiff suffers from a severe impairment;

   (3) whether the impairment is listed in Appendix 1 of the relevant regulations;

   (4) whether the impairment prevents the plaintiff from continuing past relevant work; and

   (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to

obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff contends that the ALJ erred in not completing the record by not seeking missing records from Dr. Wang (Docket No. 8, Pl. Memo. at 1, 9-12). Dr. Wang treated plaintiff during the relevant period but the record only contains one treatment note during that period on October 24, 2013, and October 12, 2016 [R. 288, 351] (id. at 10). During the hearing plaintiff's attorney noted difficulty in obtaining additional records from Dr. Wang, namely medical records from August 1, 2016 [R. 39-40]. The ALJ offered plaintiff's counsel additional time for further attempts to obtain these records before requesting a subpoena or other methods from the ALJ [R. 40]. (Docket No. 15, Def. Memo. at 6-7.) The ALJ held the record open for two weeks for plaintiff to obtain records from Dr. Wang [R. 40, 69]. Plaintiff's counsel was to report the status of that further inquiry or plaintiff was to ask for help from the ALJ [R. 40]. Plaintiff, however, did not ask for help or report after those two weeks on the status of the document requests.

7

Next, she contends the ALJ ignored multiple medical impairments at Step Two in error, not discussing her claimed chronic pain syndrome, right knee pain, carpel tunnel syndrome, osteoarthritis of the shoulder, fibromyalgia, and osteoarthritis of the knee (id. at 1, 13-16) [R. 289, 332, 335, 351]. Finally, plaintiff objects to the ALJ's evaluation of her subjective complaints (id. at 1, 16-20).

Defendant responds that the ALJ properly found plaintiff was disabled (Docket No. 15, Def. Memo. at 7-8, 11-20). Defendant contends plaintiff bore the burden of proving her disability and that the ALJ otherwise had a substantial treatment record to evaluate her claims (id. at 20). Defendant contends that plaintiff's counsel submitted Dr. Wang's records after the hearing (id. at 21) [R. 18, 347-52) and the ALJ thus concluded that the records then were complete [R. 18] (id.). As for Step Two impairments, defendant places the burden of proof of the severity on plaintiff (id. at 11). Defendant argues the ALJ considered plaintiff's abilities to lift, sit, stand, and walk [R. 23-26], limitations plaintiff now argues were not considered by the ALJ at Step Two (id.). Defendant further contends that substantial evidence supported the ALJ finding that plaintiff's pain symptoms were not disabling (id.) [R. 23-26].

I.  Dr. Wang's Treatment Notes

The ALJ kept the record open for two weeks for plaintiff's counsel to attempt to obtain medical records from Dr. Wang [R. 39-40, 69] while also keeping the record open for interrogatories to the vocational expert [R. 18, 203, 211 (vocational expert's response, received by ALJ on Nov. 28, 2016)].

Where the medical record from this doctor consists of only two records and gaps obviously appear, the ALJ has the duty to fill the gap, <u>Bonilla Rivera v. Berryhill</u>, No. 18CV122,

8

2019 WL 3497810, at *3 (W.D.N.Y. Aug. 1, 2019) (Schroeder, Mag. J.); Tokarski v. Comm'r of Soc. Sec., No. 18CV459, 2019 WL 3450965, at *2 (W.D.N.Y. July 31, 2019) (Scott, Mag. J.) (Docket No. 16, Pl. Reply Memo. at 2); see Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (noting non-adversarial nature of benefits proceeding). A decision based upon an incomplete medical record is not supported by substantial evidence, Warden v. Berryhill, No. 17CV1310, 2019 WL 2865035, at *3 (W.D.N.Y. July 3, 2019) (Arcara, J.), and where there is a gap in the record in this non-adversarial proceeding, the ALJ has the duty to develop the evidence in the record, see Cunningham v. Berryhill, No. 18CV463, 2019 WL 4154483, at *6 (W.D.N.Y. Sept. 3, 2019) (Schroeder, Mag. J.) (id.).

This duty to develop the record "is a threshold requirement for the SSA [Social Security Administration]; the ALJ must develop the record prior to assessing whether a claimant is disabled. 20 C.F.R. § 404.1512(b)(1) ("[b]efore we make a determination that you are not disabled, we will develop your complete medical history")," Dougherty-Noteboom v. Berryhill, No. 17CV243, 2018 U.S. Dist. LEXIS 138097, (W.D.N.Y. Aug. 15, 2018) (Scott, Mag. J.). Judge Telesca has held that the ALJ, "sua sponte," has the affirmative duty to develop the record and seek additional information from a treating physician "even if plaintiff is represented by counsel," Whitney v. Astrue, No. 09CV484, 2010 U.S. Dist. LEXIS 76485, at *8 (W.D.N.Y. July 29, 2010) (Telesca, J.), quoting Becker v. Astrue, No. 08CV192, 2009 U.S. Dist. LEXIS 82694, at *12 (W.D.N.Y. Aug. 24, 2009) (Bianchini, Mag. J.) (Report & Rec.). That duty exists even if plaintiff is represented by counsel, Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (id.); the Second Circuit there stating that "even when a claimant is represented by counsel, it is well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on

9

behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding,'" id. (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009), internal quotation marks and brackets omitted).

The basis for the duty to develop the record comes from the enabling Social Security Act and regulations. Section 432 of 42 U.S.C. provides

> "in making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability. In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic test, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis."

42 U.S.C. § 432(d)(5)(B). Social Security regulations require the Commissioner to develop a complete medical history of at least 12 months preceding a claimant's application, 20 C.F.R. § 404.1512(b)(1)

This Court notes that the total record here consists of 355 pages with few references to plaintiff's treating sources (Docket No. 7; cf. R. 24, citing R. 347-55 (Dr. Wang Oct. 12, 2016, examination), 322-36 (Dr. Timothy McDonald Aug. 2 and 8, 2016, examinations). Gaps in that record, particularly from Dr. Wang, were obvious. The ALJ had plaintiff's counsel take one more try at contacting Dr. Wang and instructed counsel to contact the ALJ if the ALJ's intervention was required [R. 40]. Plaintiff's counsel failed to follow up with the ALJ to inform him whether a subpoena or other means were required to obtain the records from Dr. Wang and

10

did not produce those records.  The ALJ, absent such a report or request, deemed the record closed (with its gaps) after those two weeks (cf. [R. 69]).

At issue is whether the ALJ was required to assist despite plaintiff's counsel not requesting it.  Under the ALJ's affirmative duty to develop the record, the fact that plaintiff's counsel failed to follow up did not obviate the ALJ's need to inquire from Dr. Wang after plaintiff's renewed opportunity to do so.  Once plaintiff's counsel stated the difficulty in obtaining records from Dr. Wang, the ALJ should have intervened, despite the additional time given to keep the record open for plaintiff as a last chance to get them herself.  This error is **harmful** as it impacts the Step Two analysis of plaintiff's claimed ailments as well as consideration of plaintiff's subjective complaints, as addressed below.  Unlike defendant's contention (but cf. Docket No. 15, Def. Memo. at 21), plaintiff submitted Dr. Wang's medical records from the September 19, 2016, examination, Exhibit 11F [R. 347-52] (medical records submitted by representative dated September 19, 2016) before the October 28, 2016, hearing [R. 18, 36; see id. R. Index 2].  The document has a header dated "10/12/2016" [R. 347], but even this date is before the October 28, 2016, hearing wherein plaintiff's counsel argued that he still had outstanding records requests made to Dr. Wang.  The record does not contain a post-hearing submission by Dr. Wang or plaintiff's counsel indicating that record is complete.

This case differs from Gonzalez v. Colvin, No. 15CV767, 2018 WL 1040250 (W.D.N.Y. Feb. 23, 2018) (Telesca, J.), where plaintiff's counsel indicated that he had difficulty obtaining records from one treating physician, was given additional time to supplement the record, but reported at the end of that period that the record was complete and no further assistance was needed from the ALJ in obtaining the records, id. at *2, 3, 4.  The claimant in that case argued

11

that the record was complete despite the absence of pieces of that medical record, id. at *3. Judge Telesca concluded that there were no gaps in that record to justify compelling further development by the ALJ, holding that all of the treatment notes at issue were in the record, id. at *4, and that the ALJ "did not abdicate his duty to develop the administrative record," id. at *3, 4; see also Dutcher v. Astrue, No. 09-CV-1161(LEK/VEB), 2011 WL 1097860, at *6 (N.D.N.Y. Mar. 7, 2011) (Bianchini, Mag. J.) (in Report & Rec., claimant's attorney given ample time to obtain additional evidence but gave no explanation for failure to do so, and evidence in the record supported the ALJ's assessment), adopted, 2011 WL 1042773 (N.D.N.Y. Mar. 22, 2011). The Second Circuit in Jordan v. Commissioner of Social Security, 142 F. App'x 542 (2d Cir. 2005), also held that the ALJ fulfilled his duty to develop the record when plaintiff's counsel volunteered to contact a treating physician to secure missing records, the ALJ kept the record open and later contacted the attorney reminding him that no evidence had yet been received, and counsel subsequently contacted the agency and reported that there was nothing further to add and did not request the ALJ's assistance to obtain records, id. at 543.

In the case at bar, plaintiff never reported to the ALJ that the record was complete following the two weeks granted during the hearing for counsel to redouble his efforts to obtain these records. Instead, the ALJ automatically closed the record with the stated gap. This was in error. The ALJ did not contact plaintiff's counsel to remind him of the outstanding issue. Plaintiff did not report back on the status of the request or seeking assistance to procure these records. Given this silence after the two-week hiatus, the ALJ at least should have contacted plaintiff to confirm that the record was final and nothing more would be expected. The ALJ assumed this and proceeded to determine plaintiff's disability on the incomplete record.

12

II. Step Two Impairments

As for impairments consideration at Step Two, plaintiff bears the burden of establishing that he or she has a severe impairment, "which is 'any impairment or combination of impairments which significantly limits [the claimant's] ability to do basic work,'" Miller v. Berryhill, No. 16CV6467, 2017 U.S. Dist. LEXIS 153578, at *20 (W.D.N.Y. Sept. 20, 2017) (Telesca, J.) (citation omitted); see 20 C.F.R. § 404.1520(c). An impairment or combination of impairments found to be "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work, SSR 85-28, 1985 SSR LEXIS 19 (1985). In this Circuit, this Step Two severity analysis "may do no more than screen out de minimis claims," Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995). Despite this level of screening at Step Two, plaintiff still has the burden to show that her impairments or combination of impairments significantly limited her ability to perform work.

The ALJ said that he considered both severe and non-severe impairments through Steps Three and Four [R. 22], but the ALJ did not mention some of the conditions plaintiff now complains about, in particular chronic pain syndrome, osteoarthritis of the knee, and fibromyalgia (Docket No. 8, Pl. Memo. at 14). Plaintiff points to a gap in the record in not seeking Dr. Wang's records in areas where there was discussion of plaintiff's fibromyalgia that prevented the ALJ from a meaningful evaluation of that impairment (id. at 16; Docket No. 16, Pl. Reply at 6).

III.   Plaintiff's Subjective Complaints

Consideration of plaintiff's subjective complaints is also tied to the failure to obtain Dr. Wang's records. The ALJ found that plaintiff's complaints were not entirely consistent with the medical record [R. 24] but that record has gaps, as just discussed. The ALJ stated that plaintiff's post cervical fusion surgery treatment was conservative and somewhat effective [R. 25] but again without considering Dr. Wang's treatment records (Docket No. 8, Pl. Memo. at 18-19), and ignoring medication prescribed by Dr. Wang that plaintiff identifies as more serious than the medications cited by the ALJ (id. at 19) {R. 349-50].

Given the incomplete record here, remand is necessary before plaintiff's subjective complaints could be evaluated.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 8) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 15) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 23, 2020